IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANNY RAY MCLAIN, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:14-CV-740-Y |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Danny Ray McLain, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), Respondent.

After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I.  Factual and Procedural Background

Petitioner has a long criminal history and is currently serving a 25-year sentence in TDCJ on his April 3, 1990, conviction in Palo Pinto County, Texas, cause number 8870, for escape.  The sentence was ordered to begin following Petitioner's completion of his 20-year sentence in cause number 8340 for burglary of a habitation.  (Pet. 2, ECF No. 1.)  Petitioner has filed four

federal habeas petitions in this Court.[1]

## II.   Issues

By way of this petition, Petitioner claims:

(1)   he did not receive time credit toward his sentence
      for "post-sentence" time spent in jail from April
      3, 1990, through July 11, 1990;

(2)   TDCJ is improperly "executing" his two consecutive
      sentences as directed by the trial court;

(3)   he is being denied street time toward his sentence;
      and

(4)   due to clerical error, the court of appeals did not
      get to view direct evidence during the appeal
      process.

(Pet. 6-7, ECF No. 1.)

## III.   Statute of Limitations

As a preliminary matter, Respondent asserts the petition is
untimely under the Antiterrorism and Effective Death Penalty Act of
1996 (AEDPA), effective April 24, 1996.  (Resp't's Answer 5-11, ECF
No. 8.)  28 U.S.C. § 2244(d).  The Act imposes a one-year statute
of limitations on federal petitions for writ of habeas corpus filed
by state prisoners. *See* Title 28, United States Code, § 2244(d)
provides:

> (1) A 1-year period of limitations shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitations period shall run from the latest of–

---

[1]*See* Civil Action Nos. 4:08-CV-648-A, 4:14-CV-589-O, and 4:15-CV-237-O.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's first three grounds involve time credits and the execution of his sentence; therefore, the applicable provision in determining when the limitations period commenced is subsection (D), the date on which the factual predicate of his claims was discoverable through the exercise of due diligence. *See Kimbrell v. Cockrell,* 311 F.3d 361, 363-64 (5th Cir. 2002). Under his first ground, Petitioner claims he did not receive "post-sentence jail time credit" from April 3, 1990, through July 11, 1990. (Pet. 6, ECF No. 1.) According to Petitioner, he first learned of this fact during the state habeas proceedings on his state application No.

WR-55,560-03, when the state filed the December 30, 2013 affidavit of Charley Valdez, a Program Supervisor III for the Classification and Records Department of TDCJ.   (Pet'r's Reply 4, ECF No. 11.) However, Petitioner is confusing his knowledge of the factual predicate for his claim with the time permitted for gathering evidence in support his claim.   "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998).   Instead, the federal limitations period began when the factual predicate of his claim could have been discovered using due diligence, *not* when it was actually discovered.   *See Manning v. Epps,* 688 F.3d 177, 189 (5th Cir. 2012).   To invoke this exception, due diligence requires Petitioner to show good reason why he was unable to discover the factual predicate at an earlier date.   Merely alleging that he did not know the facts underlying his claim is insufficient.   Therefore, his contention that the statute of limitations did not begin to run until after he received a copy of Valdez's affidavit is meritless. *See Flanagan*, 154 F.3d at 198-99.   With reasonable diligence, Petitioner could have discovered the basis for this claim long before the AEDPA's enactment in 1996.   Thus, a federal petition raising this claim was due on or before April 24, 1997, one year following the effective date, without any tolling.   Petitioner's

4

subsequent time-dispute-resolution forms and his state habeas applications filed after limitations had already expired do not operate to toll the limitations period.  This claim is therefore time-barred.[2]

Under his second ground, Petitioner claims TDCJ is not properly executing the trial court's cumulation order because it is executing two consecutive sentences as a single 45-year sentence. (Pet. 6, ECF No. 1.)  The record reflects that Petitioner was aware of the basis of this claim as least as early as June 5, 2003, given the fact that he raised the same or similar claim in his state habeas application filed on that date and denied on June 21, 2006. (Adm. R., WR-55,560-02 writ, 8, 12-15, ECF No. 7-1.)  Thus, under the one-year statute of limitations, a federal petition raising this claim was due on or before June 21, 2007, absent any tolling. Petitioner's subsequent time-dispute-resolution forms and state habeas applications filed after limitations expired, do not operate to toll the limitations period under § 2244(d)(2).  This claim is therefore time-barred.

Under his third ground, Petitioner claims he is being denied street-time credit toward his 20-year sentence in cause number 8340. Specifically, he asserts (all grammatical errors and misspellings are in the original):

---

[2]The claim also appears to be factually incorrect. (Resp't's Answer 15, ECF No. 8.)  Petitioner was credited toward his cumulative-sentence for the time-period in question.  (*Id.*, Ex. B.)

> Petitioner satisfied requirement for street time credit
> by serving 50% of the remainder of his 20 year sentence
> on parole in cause no. 8340 but denied credit when his
> parole was revoked which would alow him to begain to
> serve his 25 consecutive year sentence in cause no. 8870.

(Pet. 7, ECF No. 1.)  The record reflects that Petitioner has been released on parole on three occasions following his 1986 conviction in cause number 8340.  He was released on September 1, 1988, and his parole was revoked on July 11, 1990.  (Resp't's Answer, Ex. B, ECF No. 8-2.)  He was released again on December 3, 1993, and his parole was revoked on March 17, 1997.  (*Id.*)  Most recently, he was released on August 6, 2003, and his parole was revoked on September 19, 2012.  (*Id.*)  Consequently, at the latest, Petitioner could have discovered the basis for this claim when his parole was revoked for the third time on September 10, 2012, or shortly thereafter.  Thus, under the one-year statute of limitations, a federal petition raising this claim was due on or before September 10, 2013, absent any tolling.  Petitioner filed two time-dispute-resolution forms with TDCJ on October 23, 2012, and December 4, 2013.  (*Id.*)  TDCJ responded on October 24, 2012, and December 18, 2013, respectively, that there was no error in Petitioner's time calculation.  (*Id.*)  The first time-dispute-resolution form tolled the limitations period two days, making a federal petition due on or before September 12, 2013. *See Kimbrell,* 311 F.3d at 364; *Hunter v. Quarterman,* No. 4:06-CV-342-A, 2006 WL 2914162, at *2 (N.D.Tex. Oct. 11, 2006).  The second, filed on December 4, 2013, and

Petitioner's state habeas application No. WR-55,560-05, wherein he first raised the claim in state court, filed on June 13, 2014, after limitations had already expired, did not operate to toll the limitations period.  (Adm. R., WR-55,560-05, 3, 14-15, ECF No. 8-18.[3])  This claim is therefore time barred.

Petitioner's fourth ground involves events occurring before or during trial or on direct appeal; therefore, the applicable provision in determining when the limitations period commenced is subsection (A), after the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Petitioner claims that "due to a clerical error, [the] court of appeals did not get to view direct evidence [submitted at the new-trial hearing] during [the] appeal process." (Pet. 7, ECF No. 1.)  Petitioner explains (all grammatical errors and misspellings are in the original):

> Specificly, the issuance of two warrants for probable cause and arrest that clearly show the veracity of the officers testimony to be false.  Spacifically, officers testified that they obtained and executed a warrant of arrest for burglary, placed defendant in custody, and then he allegedly escaped from custody at which point they then obtained a second warrant for escape. Petitioner argued to the contrary at trial.  The two warrants of arrest that collabered with Petitioner's testimony that officers did not have a warrant for his arrest were not presented at trial.  If they had been, the jury would have seen that both warrants were issued and executed simultaniously and that the escape warrant proceeded the burglary warrant when issued.  Petitioner

---

[3]This record is not paginated, therefore the pagination in the ECF header is used.

then filed a Direct Appeal which was denied without
benifit of the evidence obtained that support the new
trial motion.  Petitioner filed a state habeas petition
seeking time credits and it was at this time Petitioner
discovered through recieving a copy of his Appeal from
the Texas Court of Criminal Appeals that a clerical error
had occured and the Appeals Court did not receive and
review all the evidence during the Appeals process.
Spacificly warrants are two sided documents.  The Court
issuance and the officers return.  The issuance side of
the warrants were not forwarded to the Appeals Court from
the trial court.  This is critical, because it goes to
the heart of the case.

. . .

Here we have a police officer presenting false evidence
before a jury when he mistated when warrants were issued.
This is critical because if the warrants were issued as
the record clearly shows, then it was impossible for
petitioner to have committed the crime as alleged.

. . .

There is no concievable basis for the state court denial
of the factual evidence that supports Petitioners claim
of actual innocence, because as the record shows, he
could not have been charged with escape from custody if
he was never legally under arrest.  Further as the record
shows, the warrant for the underlying charge, for which
he is presumed to have escaped from, was not issued until
after the escape warrant.

(Pet'r's Resp. 16-20, ECF No. 11 (citations to the record
omitted).)  Petitioner concedes that this claim is untimely but
urges that the claim relies on his actual innocence and is
cognizable despite its untimeliness as a matter of equity.
(Pet'r's Resp. 18-19, ECF No. 11.)

Equitable tolling of the statute of limitations is permitted
only in rare and exceptional circumstances when an extraordinary
factor beyond a petitioner's control prevents him from filing in a

8

timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). A petitioner attempting to make a showing of actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).

Petitioner fails to demonstrate that he was prevented from filing timely petitions as to his first three grounds in some extraordinary way, and the warrants referred to by Petitioner in his fourth ground are neither new nor proof of his innocence. In fact, appellate counsel raised the same issue in his appellate brief on direct appeal, and the issue was rejected by the state courts. (Resp't's Answer, Ex. C at 8-9, ECF No. 8-3.) This claim is therefore time barred.

## IV.   Conclusion

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DISMISSED as time barred. Further, for the reasons discussed, a certificate of appealability is DENIED.

SIGNED November 12, 2015.


TERRY R. MEANS
UNITED STATES DISTRICT JUDGE